**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **OLUWASEUN SHOMEFUN,** | § | |
| **Institutional ID No. A204586113** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **Civil Action No. 4:23-cv-474-O** |
| | § | |
| **TARRNT COUNTY BAIL BOARD,** | § | |
| ***et al.*,** | § | |
| | § | |
| **Defendants.** | § | |

**ORDER**

On September 18, 2023, the Court granted Plaintiff leave to amend his civil-rights complaint. *See* Order, ECF No. 12. Plaintiff's amended complaint (ECF No. 13) has been docketed and is pending preliminary judicial screening under 28 U.S.C. § 1915(e)(2).

Plaintiff has since filed three supplemental pleadings without seeking permission form the Court to do so, which is required. *See* ECF Nos. 14, 15, 16; *see also* N.D. Tex. Civ. R. 56.7. The Court therefore **DIRECTS** the clerk of Court to **STRIKE** these pleadings from the docket sheet of this action.

However, because Plaintiff filed a form 28 U.S.C. § 2241 habeas petition in this case (ECF No. 15) and submitted a $5 payment, the Court **DIRECTS** the clerk of Court to: (1) open a new civil action (Nature of Suit 463); (2) docket a copy of the petition (ECF No. 15) and this order in the new civil action; and (3) apply Plaintiff's $5 payment toward the new habeas action.[1]

**SO ORDERED** this **6th day** of **November, 2023.**

.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[1] Plaintiff may not seek habeas relief in this civil-rights action. *See Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987) (explaining that habeas and civil-rights claims that are raised in the same civil action should be separated and considered in separate actions).