| | | |
|---|---|---|
| OLUWASEUN SHOMEFUN, | § | |
| Institutional ID Nos. 0999093, | § | |
| A204586113 | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 4:23-cv-474-O |
| | § | |
| LASALLE CORRECTIONS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER</u>

Plaintiff Oluwasun Shomefun is a native citizen of Nigeria. He is currently detained in the Prairieland Detention Center (PDC), which is a U.S. Immigration and Customs Enforcement (ICE) detention facility. In September 2023, Plaintiff filed this amended civil-rights complaint. *See* Am. Compl., ECF No. 13. He seeks to recover monetary damages from several state and federal defendants—presumably under 42 U.S.C. § 1983 and *Bivens*—for violating his constitutional rights on different occasions. Plaintiff contends Defendants' unlawful conduct led to his arrest and various periods of unlawful detention in Tarrant County Jail (TCJ) and PDC. Plaintiff's claims are convoluted and difficult to follow. Regardless, Plaintiff recently admitted that none of his detention periods in either facility has been declared unlawful by a local, state, or federal court. *See* ECF No. 20 at 4. Moreover, the Court takes judicial notice of the fact that, in April 2024, an immigration judge ordered Plaintiff's removal from the United States. And on July 3, the Board of Immigration Appeals denied his appeal.[1]

Under these circumstances, the Court finds that dismissal of Plaintiff's amended complaint without prejudice is warranted and will serve the interests of judicial economy and comity.

---

[1] See https://acis.eoir.justice.gove/en/caseinformation, which is the Department of Justice Executive Office for Immigration Review's website—an official website of the United States government.

Plaintiff's claims for monetary damages appear premature. Generally, a plaintiff may not collaterally attack various periods of claimed unlawful detention through a civil-rights action while related parallel court proceedings are pending. *See Davis v. Zain*, 79 F.3d 18, 19 (5th Cir. 1996) (citations omitted). Plaintiff is currently challenging the legality of his immigration detention in PDC in a 28 U.S.C. § 2241 habeas petition, which is pending. *See Oluwaseun v. Mayokas*, No. 3:24-CV-00176-G-BT (N.D. Tex. Jan. 24, 2024). And it is unclear whether Plaintiff is currently challenging any period of his detention in TCJ in state court.

Plaintiff's amended complaint is, therefore, **DISMISSED WITHOUT PREJUDICE**. In the event a court determines that any of Plaintiff's periods of detention in either TCJ or PDC is unlawful, Plaintiff may reurge his claims for damages in the appropriate manner if he desires. However, should Plaintiff choose to do so, the Court expresses no opinion on the merits of his claims.

**SO ORDERED** this **23rd day** of **July, 2024.**

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**